﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181105-1542
DATE: March 18, 2019

REMANDED

Entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as due to herbicide exposure, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1966 to January 1970.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in October 2018 by a Department of Veterans Affairs (VA) Regional Office (RO). In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Service connection for peripheral neuropathy of the bilateral lower extremities, to include as due to herbicide exposure, is remanded.

In this case, the Veteran has a current diagnosis of bilateral lower extremity peripheral neuropathy. VA has verified that the Veteran was present in the Republic of Vietnam in January and February of 1967, and therefore the Veteran is presumed to have been exposed to herbicide agents. 38 C.F.R. § 3.307(a)(6)(iii). However, only early-onset peripheral neuropathy is presumed to be causally related to herbicide agent exposure. 38 C.F.R. § 3.309(e). In order for the presumption to apply, early-onset peripheral neuropathy must have manifested to a compensable degree within one year following the last date of exposure to herbicide agents. 38 C.F.R. § 3.307(a)(6)(ii). At present, there is no evidence of manifestation to a compensable degree within one year of the Veteran’s last known exposure, and thus presumptive service connection is not warranted at this time.

However, when a veteran is found not to be entitled to service connection for a disability on a presumptive basis, the claim must nevertheless be reviewed to determine whether service connection can be established on a direct basis. Combee v. Brown, 34 F.3d 1039, 1043–44 (Fed. Cir. 1994). In this case, the Veteran has submitted August 2014 and December 2014 VA treatment records in which physicians state that the Veteran’s peripheral neuropathy is related to his herbicide agent exposure. As such, there is an indication that the Veteran’s peripheral neuropathy is causally related to his active service. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination prior to the October 2018 rating decision on appeal regarding whether the Veteran’s peripheral neuropathy is directly related to his presumed herbicide agent exposure. As such, the issue of entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as due to herbicide exposure, is remanded to correct a duty to assist error that occurred prior to the October 2018 rating decision on appeal.

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of the Veteran’s peripheral neuropathy of the bilateral lower extremities. The examiner should answer the following:

Is it at least as likely as not (a fifty percent probability or greater) that the Veteran’s peripheral neuropathy of the bilateral lower extremities disability is related to his active service, to include exposure to herbicide agents?

A detailed rationale for the opinion must be provided. The examiner is requested to discuss an August 2014 VA treatment record stating that the peripheral neuropathy is due to herbicide agent exposure and a December 2014 treatment record noting that peripheral neuropathy may well be related to herbicide agent exposure.

The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

(Continued on the next page)

 

If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. Jones v. Shinseki, 23 Vet. App. 382 (2010).

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Wendell, Counsel